UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Case No. _____ 1:20CR74MSM-LDA |
| v. | In violation of 18 U.S.C. §§ 1349, 1344, 3146(a)(1), 1028A and 15 U.S.C. § 645(a) |
| DAVID STAVELEY, a/k/a "Kurt Sanborn," a/k/a "David Sanborn," | |
| Defendant. | |

**INDICTMENT**

The Grand Jury charges that:

**COUNT 1**
(Conspiracy to Commit Bank Fraud)

Introduction

1.      At all times relevant to this Indictment, defendant DAVID STAVELEY, a/k/a "Kurt Sanborn," a/k/a "David Sanborn" ("STAVELEY") resided within the States of Massachusetts and Rhode Island

2.      At all times relevant to this Indictment, co-conspirator David Butziger ("Butziger") resided within the State of Rhode Island.

3.      G.S. was the brother of defendant STAVELEY.

Entities Associated with Staveley and Butziger

4.      Oakland Beach Restaurant Group LLC, d/b/a "Top of the Bay," is a Rhode Island corporation that was established on or about March 11, 2020. Butziger is

1

the registered agent for the corporation. The principal office for the corporation is listed as 898 Oakland Beach Avenue, Warwick, RI, the address of "Top of the Bay" restaurant.

5.      Apponaug Restaurant Group, LLC was incorporated in the State of Rhode Island on or about November 25, 2019. Its listed principal office address is 3376 Post Road, Warwick, RI, the address of a restaurant named Remington House that has been closed since approximately November 2018. The property at this address was purchased by Apponaug Restaurant Group, LLC on January 21, 2020. The listed managers of Apponaug Restaurant Group LLC are S.S. and G.S.

6.      On The Trax is the name of a former restaurant located in Berlin, MA. It is owned by New Flat Penny, LLC, a Massachusetts company opened in the name of G.S.

7.      Dock Wireless is an unincorporated entity owned by Butziger.

<u>The CARES ACT and the Paycheck Protection Program</u>

8.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted on March 29, 2020 designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").   In or around April 2020, over $300 billion in additional PPP funding was authorized by Congress.

2

9.      The PPP allows qualifying small-businesses and other organizations to receive loans with a maturity of 2 years and interest rate of 1%. PPP loan proceeds must be used by businesses on payroll costs, interest on mortgages, rent, and utilities. The PPP allows the interest and principal to be forgiven if businesses spend the proceeds on these expenses within 24 weeks of receipt and use at least 60% of the forgiven amount for payroll. The amount of PPP funds a business may receive is determined by the number of employees employed by the business and their average payroll costs for a period of 2.5 months. Businesses applying for a PPP loan must provide documentation, such as IRS Forms 940 and 941, to confirm that they have in the past paid employees the compensation listed on the application.

10.      The PPP is overseen by the Small Business Administration ("SBA"), which has authority over all loans. Individual PPP loans, however, are issued by private approved lenders (most commonly, banks and credit unions), who receive and process PPP applications and supporting documentation, and then make loans using the lenders' own funds.

11.      At all times relevant to this Indictment, BankNewport was a financial institution doing business in the District of Rhode Island. The deposits of BankNewport are federally insured by the Federal Deposit Insurance Corporation. BankNewport was an approved lender authorized to receive and process PPP applications and supporting documentation, and then make loans as part of the PPP.

3

## The Conspiracy

12.     Beginning on or about April 6, 2020, and continuing through on or about April 27, 2020, in the District of Rhode Island and elsewhere, defendant

> DAVID STAVELEY,
> a/k/a "Kurt Sanborn,"
> a/k/a "David Sanborn"

together with David Butziger, knowingly and unlawfully combined, conspired and agreed together and with each other to commit bank fraud, by knowingly executing and attempting to execute a scheme and artifice to defraud BankNewport and to obtain moneys, funds, assets, and other property owned by, and under the custody and control of BankNewport by means of false and fraudulent pretenses, representations, and promises, contrary to 18 U.S.C. § 1344.

## Object of the Conspiracy

13.     It was the object of the conspiracy to fraudulently obtain forgivable PPP loans issued by BankNewport by falsely representing to BankNewport that corporations and entities under the control of the co-conspirators employed numerous individuals and had significant monthly payrolls.

## Manner, Means and Acts in Furtherance of the Conspiracy

14.     It was part of the conspiracy that defendant STAVELEY established corporations and opened bank accounts in the name of his brother G.S. without the knowledge or consent of G.S.

4

15.     It was a further part of the conspiracy that defendant STAVELEY applied to BankNewport for forgivable PPP loans using the name, date of birth and social security number of his brother G.S., without the knowledge or consent of G.S.

16.     It was a further part of the conspiracy that on or about April 6, 2020, defendant STAVELEY, in the name of his brother G.S., submitted a loan application under the PPP to BankNewport on behalf of Oakland Beach Restaurant Group LLC, d/b/a "Top of the Bay." The loan application was in the amount of $185,750 and fraudulently represented that Oakland Beach Restaurant Group, LLC had 26 employees and an average monthly payroll of $53,000. In truth and in fact, Oakland Beach Restaurant Group LLC did not own or operate Top of the Bay restaurant and had no employees.

17.     It was a further part of the conspiracy that on or about April 6, 2020, defendant STAVELEY, in the name of his brother G.S., submitted a loan application under the PPP to BankNewport on behalf of Apponaug Restaurant Group LLC, d/b/a "Remington House." The loan application was in the amount of $144,050 and fraudulently represented that Apponaug Restaurant Group, LLC had 18 employees and an average monthly payroll of $46,000. In truth and in fact, the Remington House restaurant had been closed since November 2018 and Apponaug Restaurant Group, LLC had no employees.

18.     It was a further part of the conspiracy that on or about April 6, 2020, defendant STAVELEY, in the name of his brother G.S., submitted a loan application under the PPP to BankNewport on behalf of New Flat Penny LLC, d/b/a "On The Trax." The loan application was in the amount of $108,777.50 and fraudulently represented that New Flat Penny, LLC had 22 employees and an average monthly payroll of $36,000. In truth and in fact, On The Trax restaurant had been closed since approximately March 10, 2020 after its liquor license was revoked. New Flat Penny, LLC had no employees when the PPP application was submitted.

19.     It was a further part of the conspiracy that on or about April 6, 2020, co-conspirator Butziger submitted a loan application under the PPP to BankNewport on behalf of an unincorporated entity called Dock Wireless. The loan application was in the amount of $105,381.50 and fraudulently represented that Dock Wireless had 7 employees and an average monthly payroll of $42,152.60. In truth and in fact, Dock Wireless had no employees and no wages were ever paid by Dock Wireless.

20.     It was a further part of the conspiracy that on or about April 10, 2020, co-defendant STAVELEY submitted to BankNewport an IRS 941 Form in support of the PPP application of Apponaug Restaurant Group LLC, d/b/a "Remington House." The 941 Form provided by STAVELEY fraudulently listed wages for Apponaug Restaurant Group LLC to be $138,000 for the first quarter of 2020 when, in truth and in fact, no

wages were paid in this period. Co-conspirator Butziger created this false and fraudulent 941 Form.

21.     It was a further part of the conspiracy that on or about April 13, 2020, co-conspirator Butziger submitted to BankNewport an IRS Form 941 in support of the PPP application for Dock Wireless. The 941 Form provided by Butziger fraudulently provided that Dock Wireless had paid 6 employees a total $126,500 during the first quarter of 2020 when, in truth and in fact, no wages were paid whatsoever.

22.     It was a further part of the conspiracy that on or about April 14, 2020, defendant STAVELEY submitted to BankNewport an IRS 941 Form in support of the PPP application of Oakland Beach Restaurant Group LLC, d/b/a "Top of the Bay." The 941 Form provided by STAVELEY fraudulently listed wages for Oakland Beach Restaurant Group, LLC, to be $158,723.52 for the first quarter of 2020 when, in truth and in fact, no wages were paid in this period. Co-conspirator Butziger created this false and fraudulent 941 Form.

All in violation of 18 U.S.C. § 1349.

## COUNT 2
(Bank Fraud)

23.     The Grand Jury realleges and incorporates by reference paragraphs 1-22

above in their entirety as if fully set forth herein.

24.     On or about April 6, 2020, defendant DAVID STAVELEY, in the name of

his brother G.S., submitted a loan application under the PPP to BankNewport on behalf

of Oakland Beach Restaurant Group LLC, d/b/a "Top of the Bay." The loan application

was in the amount of $185,750 and fraudulently represented that Oakland Beach

Restaurant Group, LLC had 26 employees and an average monthly payroll of $53,000.

25.     On or about April 6, 2020, in the District of Rhode Island and elsewhere,

defendant

> DAVID STAVELEY,
> a/k/a "Kurt Sanborn,"
> a/k/a "David Sanborn"

knowingly executed and attempted to execute a scheme and artifice to defraud

BankNewport and to obtain moneys, funds, assets, and other property owned by, and

under the custody and control of BankNewport by means of materially false and

fraudulent pretenses, representations, and promises, to wit, false and fraudulent

representations concerning the number of employees and amount of payroll of Oakland

Beach Restaurant Group, LLC, d/b/a "Top of the Bay."

In violation of 18 U.S.C. § 1344.

## COUNT 3
(Bank Fraud)

26.     The Grand Jury realleges and incorporates by reference paragraphs 1-22 above in their entirety as if fully set forth herein.

27.     On or about April 6, 2020, defendant DAVID STAVELEY, in the name of his brother G.S., submitted a loan application under the PPP to BankNewport on behalf of Apponaug Restaurant Group LLC, d/b/a "Remington House." The loan application was in the amount of $144,050 and fraudulently represented that indicated that Apponaug Restaurant Group, LLC had 18 employees and an average monthly payroll of $46,000.

28.     On or about April 6, 2020, in the District of Rhode Island and elsewhere, defendant

> DAVID STAVELEY,
> a/k/a "Kurt Sanborn,"
> a/k/a "David Sanborn"

knowingly executed and attempted to execute a scheme and artifice to defraud BankNewport and to obtain moneys, funds, assets, and other property owned by, and under the custody and control of BankNewport by means of materially false and fraudulent pretenses, representations, and promises, to wit, false and fraudulent representations concerning the number of employees and amount of payroll of Apponaug Restaurant Group LLC, d/b/a "Remington House."

In violation of 18 U.S.C. § 1344.

## COUNT 4
(Bank Fraud)

29.     The Grand Jury realleges and incorporates by reference paragraphs 1-22 above in their entirety as if fully set forth herein.

30.     On or about April 6, 2020, defendant DAVID STAVELEY, in the name of his brother G.S., submitted a loan application under the PPP to BankNewport on behalf of New Flat Penny LLC, d/b/a "On The Trax." The loan application was in the amount of $108,777.50 and fraudulently represented that New Flat Penny, LLC had 22 employees and an average monthly payroll of $36,000.

31.     On or about April 6, 2020, in the District of Rhode Island and elsewhere, defendant

DAVID STAVELEY,
a/k/a "Kurt Sanborn,"
a/k/a "David Sanborn"

knowingly executed and attempted to execute a scheme and artifice to defraud BankNewport and to obtain moneys, funds, assets, and other property owned by, and under the custody and control of BankNewport by means of materially false and fraudulent pretenses, representations, and promises, to wit, false and fraudulent representations concerning the number of employees and amount of payroll of New Flat Penny LLC, d/b/a "On The Trax."

In violation of 18 U.S.C. § 1344.

10

## COUNT 5
(False Statements to Influence the SBA)

32.     The Grand Jury realleges and incorporates by reference paragraphs 1-22 above in their entirety as if fully set forth herein.

33.     On or about April 6, 2020, in the District of Rhode Island and elsewhere, defendant

DAVID STAVELEY,
a/k/a "Kurt Sanborn,"
a/k/a "David Sanborn"

knowingly made false statements for the purpose of obtaining a loan and for the purpose of influencing in any way the action of the Small Business Administration,

In violation of 15 U.S.C. § 645(a).

## COUNT 6
(Aggravated Identity Theft)

34.     The Grand Jury realleges and incorporates by reference paragraphs 1-22 above in their entirety as if fully set forth herein.

35.     On or about April 6, 2020, defendant STAVELEY submitted to Bank Newport PPP applications using the name and social security number of his brother G.S. on behalf of Oakland Beach Restaurant Group, LLC and Apponaug Restaurant Group LLC. Those PPP applications fraudulently represented the number of employees and average monthly salaries of employees at those entities. G.S. did not know of or consent to the use of his name or social security number in these PPP loan applications.

36.     On or about April 6, 2020, in the District of Rhode Island and elsewhere, defendant

> DAVID STAVELEY,
> a/k/a "Kurt Sanborn,"
> a/k/a "David Sanborn"

during and in relation to the felony offenses of bank fraud and conspiracy to commit bank fraud, contrary to 18 U.S.C. §§ 1344 and 1349, did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, to wit the name and social security number of G.S.,

In violation of 18 U.S.C. § 1028A.

### COUNT 7
(Failure to Appear in Court as Required)

37.     The Grand Jury realleges and incorporates by reference paragraphs 1-22 above in their entirety as if fully set forth herein.

38.     On or about May 5, 2020, defendant DAVID STAVELEY appeared before the Hon. Magistrate Judge Lincoln D. Almond, District of Rhode Island, on a Criminal Complaint charging STAVELEY with federal charges related to the crimes alleged in this Indictment, including conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. The Court released STAVELEY on a personal recognizance bond and set numerous conditions for STAVELEY's pretrial release, including that STAVELEY appear for all future court proceedings, that he surrender all passports and that he not

12

travel outside the States of Rhode Island and Massachusetts without prior approval of the Court or the United States Probation Department.

39.     On or about May 11, 2020, the United States moved to modify the terms of STAVELEY's pretrial release, alleging that STAVELEY had traveled without permission to the State of Connecticut. The Court temporarily modified defendant's pretrial release conditions to include the conditions of home confinement with electronic monitoring.

40.     On or about May 20, 2020, the Court scheduled a preliminary hearing and a hearing on the Government's motion to modify defendant's pretrial release conditions to take place on June 2, 2020. Defendant STAVELEY received notice of the scheduled hearing.

41.     On or about May 26, 2020, defendant STAVELEY removed the electronic monitoring device from his body and fled. In an effort to deceive law enforcement into believing that he had died, STAVELEY staged his suicide by, among other things, leaving suicide notes with associates and in his car, which he left unlocked and parked by the Atlantic Ocean.

42.     From on or about May 26, 2020 to July 23, 2020, in an effort to avoid apprehension, defendant STAVELEY traveled to various States using false identities and stolen license plates. He was apprehended by the United States Marshals Service in Alpharetta, Georgia on July 23, 2020.

43.     Defendant STAVELEY did not appear as directed at the court hearing scheduled on June 2, 2020.

44.     On or about June 2, 2020, in the District of Rhode Island, the defendant,

> DAVID STAVELEY,
> a/k/a "Kurt Sanborn,"
> a/k/a "David Sanborn,"

having been charged with a violation of Title 18, United States Code, Section 1349, an offense punishable by imprisonment for a term of 15 years of more, and having been released pursuant to chapter 207 of Title 18, United States Code, in connection with the aforementioned criminal charge, for appearance before the Hon. Magistrate Judge Lincoln D. Almond, District of Rhode Island at the United States Courthouse, 2 Exchange Terrace, Providence, R.I. on June 2, 2020 at 2:00 p.m. for a Preliminary Hearing and a hearing on the Government's motion to amend the conditions of defendant's pretrial release in Case No. 1:20-MJ-00034-LDA, entitled United States v. David Staveley, a/k/a "Kurt Sanborn," a/k/a "David Sanborn," did knowingly and willfully fail to appear as required,

In violation of 18 U.S.C. § 3146(a)(1).

## FORFEITURE ALLEGATION

Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to defendant DAVID BUTZIGER, that in the event the defendant is convicted of this Information, the defendant shall forfeit to the United States, pursuant to Title 18,

14

United States Code, Section 2253(a), all property, real or personal, used or intended

to be used to commit or facilitate the commission of the offenses of conviction.

A TRUE BILL:

███████████████████

Grand Jury Foreperson

Date: 9/2/2020

AARON L. WEISMAN
United States Attorney

*[signature]*

LEE H. VILKER

Assistant U.S. Attorney

*[signature]*

SANDRA R. HEBERT

Assistant U.S. Attorney
Deputy Criminal Division Chief