UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>DAVID ADLER STAVELEY,<br>  a/k/a "Kurt Sanborn,"<br>  Defendant. | No. 20-CR-074-MSM-LDA |

GOVERNMENT'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Defendant David Staveley ("Staveley") has moved this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), arguing that this extraordinary remedy is warranted as a result of a sexual assault he claims to have endured years ago. The United States has no way to know whether this assault actually occurred or whether, like defendant's prior staged suicide, it is simply another ploy by this defendant to gain release. In either event, defendant's motion should be denied.

First and foremost, the remedy sought by Staveley does not exist for defendants who have yet to be sentenced. Compassionate release is only available for defendants who have already been sentenced who can demonstrate "extraordinary and compelling" reasons for a reduction in sentence. 18 U.S.C. § 3582(c)(1). Defendant is detained pretrial; the remedy of compassionate release is therefore unavailable.

Even if defendant's motion were read generously to be a motion for release from custody under the Bail Reform Act, it should be denied. This Court is well familiar with this defendant's history on pretrial release. On May 26, 2020, Staveley disengaged his

electronic monitoring and staged his disappearance to make it look like a suicide. He sent suicide notes to several individuals which were provided to the Government. His vehicle was subsequently found abandoned near the ocean in Revere, Massachusetts; a suicide note was left behind in the car making it appear that defendant had drowned himself in the ocean. The Massachusetts State Police dispatched a rescue boat to search for his body; it, of course, was never found.

The United States Marshal's Service then undertook an extensive investigation in an attempt to locate and apprehend Staveley. The investigation uncovered that Staveley was moving around the country from one State to the next and that he was using numerous aliases to conceal his identity. While on the lamb, Staveley represented himself to be "David Spencer," "Patrick Hughes," and "Daniel Pitts." At the time of his re-arrest, Staveley was in the process of securing employment under the identity of "Daniel Pitts." He also regularly changed his cell phones in an attempt to avoid apprehension. He appears to have been sleeping in a minivan on which he affixed two stolen license plates – one from Rhode Island and another from California.

After herculean efforts by the United States Marshal's Service, defendant was apprehended in the Atlanta, Georgia area on July 23, 2020. In his possession were a passport and numerous false identification cards in various names. Hand-written notes were also found which contained the names of different identities and their dates of birth and social security numbers. In addition, defendant was found in possession of three different cell phones.

The facts of this case demonstrate beyond any doubt that defendant is an extreme risk of flight and that no conditions can assure his appearance at future proceedings. For this reason, this Court ordered defendant held pretrial after he was apprehended by the Marshals. Nothing has changed to alter that conclusion. This Court certainly cannot trust the representation made by this defendant that he was previously sexually assaulted. If this representation is accurate, the United States sympathizes with the defendant for what he has endured. Prior counsel has suggested that this sexual assault played a role in defendant's decision to flee as he was desperate to avoid jail time. If this is correct, that same factor would still serve as an incentive for defendant to flee before the lengthy sentence he is likely to receive in this case is imposed.[1]

This Court already placed its faith in this defendant once when it initially released him pretrial. Defendant responded by staging his suicide, cutting off his electronic monitoring and absconding across the country using aliases. Defendant is an extreme risk of flight who should not be released.

---

[1] The Government also disagrees with the contention made by defendant that he "is alone 24 hours per day." (Def. Mem. at 2). Defendant is not in some kind of solitary confinement as this remark suggests. Defendant is housed in the Bravo Pod at the Wyatt Detention Center, which is a General Population unit. Staveley is noted as a "house alone," which means he has no cellmate, though the cells in this area are each designed for two detainees. The "house alone" designation was placed by mental health staff in conjunction with Staveley's request due to concerns he raised during their sessions.

Respectfully submitted,

AARON L. WEISMAN
United States Attorney

*/s/ Lee Vilker*

LEE H. VILKER

Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000 (tel)
401-709-5001 (fax)

## CERTIFICATE OF SERVICE

  I hereby certify that on this 11th day of January 2021, I caused the within Government's Opposition to be filed electronically and it is available for viewing and downloading from the ECF system.

              /s/ Lee H. Vilker
              LEE H. VILKER
              Assistant U. S. Attorney
              U. S. Attorney's Office
              50 Kennedy Plaza, 8th Floor
              Providence, RI 02903
              401-709-5000, 401-709-5001 (fax)