UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


UNITED STATES OF AMERICA          :
                                  :
        V.                        :        CR NO. 20-CR-00074-MSM-LDA
                                  :
DAVID STAVELEY                    :


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PRE SENTENCE REPORT OBJECTIONS**

**INTRODUCTION**

In this case, the defendant David Staveley pled guilty to a single count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 and failure to appear in court in violation of 18 USCS § 3146. In preparation for sentencing, the Probation and Pretrial Services unit ("Probation" or the "Probation Unit") completed a Pre Sentence Report ("PSR").

In its guideline calculation, probation has omitted a reduction in points for acceptance of responsibility, added points for obstruction of justice, and erroneously added points for fraud in connection with a declaration of a major disaster. Consequently, the guideline calculation for Counts 1 and 7 are inflated. Staveley objects to the calculation.

**ARGUMENT**

**A. Fraud in Connection with a Disaster Declaration**

Probation has invoked 2B1.1(b)(12) to add 2 points to Staveley's calculation on Count 1 for conspiracy. 2B1.1(b)(12) provides that if the offense conduct would be a violation of 18 U.S.C. §1040 then 2 points should be added to the calculation. 18 U.S.C. §1040 provides for criminal penalties for fraud in connection with a major disaster or

emergency declaration pursuant to the "Robert T. Stafford Disaster Relief and Emergency Assistance Act" 42 U.S.C. 5170 and 42 U.S.C. 5191.

However, Staveley's conspiracy charge is related to the Paycheck Protection Program ("PPP Program") established by the CARES Act. See, "CARES Act" located at https://www.congress.gov/116/bills/hr748/BILLS-116hr748enr.pdf (last visited September 11, 2021). The CARES Act is an omnibus legislative act that created the PPP program by amending 15 U.S.C. §636, a statute related to the Small Business Administration and business loans. 15 U.S.C. §636 confers upon the administrator of the Small Business Administration the power to authorize a variety of loans, including PPP loans. Although it is true the PPP program was established as a political response to the COVID pandemic, it is not legally connected to the either 42 U.S.C. 5170 and 42 U.S.C. 5191. See generally, 15 U.S.C. §636. Therefore PPP fraud is not the same as fraud involving a disaster declaration under 42 U.S.C. 5170 and 42 U.S.C. 5191. Accordingly, the addition of two points under 2B1.1(b)(12) is error.

**b. Obstruction of Justice**

In paragraphs 29 and 38 of the PSR, Probation has indicated that 2 points should be added to the guideline calculation for the conspiracy count for obstruction of justice. Probation cites to section 3C1.1 of the Guideline Manual ("manual") in support of the addition. Presumedly, the inclusion of points for obstruction stems from Staveley's failure to appear for his scheduled court date.

3C1.1 states:

"If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels."

The application notes for §3C1.1 state that there is no precise definition of obstructive conduct. It does however indicate that escape or failure to appear *could* qualify as obstructive conduct in certain cases. Id.

In this case, it is unfair to assign obstruction points to the conspiracy count because Staveley has been charged with failure to appear in Count 7. He will be sentenced on Count 7 and his offense conduct will be addressed under that count. Although the guidelines allow for assignment of obstruction points to the conspiracy count even in the face of a separate charge that is directly connected to the behavior, it strains logic and basic fairness to do so.

Staveley will answer for his flight when he is sentenced on Count 7. Adding points to the conspiracy count for the same conduct is simply piling on. Effectively it has the effect of punishing the same conduct twice and is manifestly unjust.

## C. Acceptance of Responsibility

In paragraphs 30 and 48, Probation has not credited Staveley with 3 points for acceptance of responsibility. Staveley has pled guilty and stands before the Court for sentencing. He has clearly accepted responsibility because he has pled guilty. Further, the government has agreed to recommend the adjustment as part of its plea bargain obligations. Based on his guilty plea and

the acknowledgment of the government that he has accepted responsibility, the Court should include the points in its guideline calculation.

§3E1.1 of the Guidelines governs the issue of acceptance of responsibility. It provides for a 2 point reduction if the defendant "clearly demonstrates acceptance of responsibility for his offense." Id. Additionally, the manual allows a 1 point reduction for a defendant with an offense level over 16 whose guilty plea saves the government the effort of preparing for trial. Id.

Probation has denied the credit based on the application notes 3 and 4. "A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." See, §3E1.1 application note 3. "[evidence of acceptance] may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." Id. Further, note 4 states that an obstruction enhancement under §3C1.1 "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." See, §3E1.1 application note 4.

However, these provisions are only guidelines and are intended to be thoughtfully applied to the case at hand. Staveley has accepted responsibility for his flight through his guilty plea to that conduct. Probation's interpretation of §3E1.1 essentially precludes recognition for taking responsibility through a guilty plea for *any* escape charge. This is not the intent of the Sentencing Commission. The plain language of §3E1.1 clearly clearly calls for a thoughtful and nuanced application of the guideline and not the rigid and formulaic application that Probation has done here.

**CONCLUSION**

In accordance with the reasoning and argument *supra*, the Defendant respectfully objects

4

to Probation's guideline calculation and requests that the Court adjust the calculation as follow: eliminate the 2 point addition in paragraph 35, eliminate the 2 point addition in paragraph 38 thus making the total for the conspiracy count 21 points instead of 25. Such an adjustment would result in an overall combined offense level of 21. The defendant then asks the Court to credit him a 3 point reduction for Acceptance of Responsibility making the total offense level 18.

Respectfully submitted,

/s/ Jason Knight

_____

Jason Knight, 7329
One Turks Head Place Suite 1440
Providence, RI 02903
(401) 865-6075 Office
jason.knight@jasonknightlaw.com
Date: 9/13/2021

## **CERTIFICATION**

I certify that on 9/13/2021 I served a true and accurate copy of the above document upon U.S. Probation officer Molly Picozzi and AUSA Lee Vilker via electronic delivery through the CM/ECF system.

/s/ Jason Knight