United States District Court
District of Rhode Island

Page 1

David Staveley
v.
United States of America

Criminal No. 20-CR-00074-MSM

RECEIVED
SEP 23 2022
U.S. DISTRICT COURT
DISTRICT OF R.I.

### Defendant's Motion in Objection to United States Motion Requesting an Order (1) finding a waiver of Attorney-Client Privilege in §2255 proceeding and permitting prior counsel to discuss issues raised by §2255 petition and (2) continuing the response date for the Government's Memorandum.

The following Motion is presented to the honorable Court, by the defendant Pro Se' due to the Motion to Appoint Counsel (ECF No. 76) being DENIED by this receiving Court. The Defendant is not an attorney and has no legal experience or knowledge and is submitting this motion while incarcerated, during Covid-19 protocols, with limited ability to communicate or utilize resources to assist the defendant in his action, this motion and attempts to effectively represent himself.

1. The Defendant objects to any waiver of Attorney-Client privilege except relating to issues specifically raised by Defendant's Motions.

2. The Defendant has raised no claims of ineffective counsel towards, George West, Esq or Jeffrey K. Techentin, Esq. In fact, the Defendant has no knowledge of Attorney Techentin or who he is or his involvement in this case.

3. The Defendant objects to a 60 day response continuance. This amount of time is excessive and prejudicial to the Defendant, who has already served over 60% of his sentence. Due to the fact that the information submitted as "evidence" and proof of claims of issues raised by the Defendant are already in the record. As this evidence is testimony provided by Attorney Jason Knight to the State of Rhode Island Supreme Court Disciplinary Board it is too on record and is true and reliable. In these documents, Atty Knight demonstrates inconsistency and manipulation as well as admits to forging dates on documents and making decisions on behalf of his client that detrimentally impacted and prejudiced his client without his clients knowledge. The Defendant requests a (30) thirty day time period and suggest this is more than adequate to interview the Attorney's in question.

4. The Defendant's Motion Identifying Prejudice Egregious Performance - Ineffective Council regarding the actions or lack of action by Attorney Mark Josephs is again clearly displayed in the Court Docket. From Atty. Josephs appointment on 5/29/20 until his one and only motion?, to withdraw, without his clients knowledge on 1/6/21, Atty. Josephs made not once motion, court action, investigation, inquiry or any effort to display intent to effectively represent his client. Furthermore, Attorney Josephs had communication with Defendants witness expressing his depression and mental depletion due to a heated custody battle

4. (cont)
that resulted in Attorney Josephs having lost custody of his children and other claims of instability being assessed. There is no doubt as reflected in Probate Court Documents that Attorney Josephs was rightfully in conflict and struggling mentally and emotionally during his time of representation of the Defendant. Under this stress and loss it is easily understood why Attorney Josephs did little to nothing for his client. This said Attorney Josephs not only was ineffective, but dismissed himself without clients knowledge and (2) days later on 1/8/21 filed a compassionate release motion, not under seal, which publically expose his client as a rape victim. This was done without clients knowledge and consent. This violation of the Defendants privacy and now public release of the heinous assault suffered by client has already caused the defendant harm within the corrections system and will be a label on the Defendant for the rest of his life due to the incompetence and ineffective counsel of Attorney Mark Josephs. The Defendant had NO knowledge of Atty. Josephs withdrawing.

5. The Defendant respectfully asks the Court that due to the overwelming evidence and information supporting his claims and as the defendents likelihood of success on his claims due to denial of counsel is limited, that factual complexity and legal intricacy of the claims are beyond his intellectual abilities and could only be navigated by an experienced legal

5. (cont)

professional. And as a prisoner his ability to investigate and develop the factual record to further support his claim, which is readily available, but unattainable due the present incarceration. Based on the Defendant already serving approximately 80% of his sentence, that the defendant was downgraded from a low prison to a camp for demonstrating good behavior and program participation. Is not considered a risk of flight based on his camp status and has conducted himself in and shown the characteristics of a model inmate, the Defendant request and presents that the court should order the Defendant to home confinement. This will not only give the defendant a greater ability to present his claims with information that cannot be obtained while incarcerated, but the prejudice based on the denial of Counsel will be greatly reduced and will provide the defendant an ability to be more effective as he defends himself Pro Se.

Respectfully Submitted

David Staveley
Pro Se

9/15/22

Ms. Judith Sanborn
590 Mammoth Rd Apt 2
Dracut, MA 01826

7022 0410 0000 0938 3139

U.S. POSTAGE PAID
FCM LETTER
LOWELL, MA
01854
SEP 20, 22
AMOUNT
**$7.85**
R2305K134576

US District Court
District of R.I.
Office of the Clerk
1 Exchange Terrace
Providence, R.I. 02903

02903-177999