UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| DAVID STAVELY, </br></br> Plaintiff, </br></br> v. </br></br> UNITED STATES OF AMERICA, </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) No. 20-cr-00074-MSM-LDA </br> ) </br> ) [Civil Action No. 22-cv-00315-MSM] </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**MEMORANDUM AND ORDER**

Mary S. McElroy, United States District Judge.

      This case arises out of a habeas petition filed by David Stavely, who received a 56-month sentence in October 2021 after pleading guilty to bank fraud conspiracy and failure to appear in court as required. On August 29, 2022, Mr. Stavely filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, based primarily on claims of ineffective assistance of counsel. (ECF. No. 79.) Specifically, Mr. Stavely claims that his attorney afforded him ineffective assistance of counsel, in derogation of his Sixth Amendment rights, at the time he entered his plea and at sentencing, with alleged complaints including: (1) failure to present him with discovery materials before he signed his plea; (2) failure to seek a continuance of his sentencing hearing; (3) ineffective assistance in the preparation of his appeal documents; and (4) falsified documents and wire fraud. *Id.* Pending before the Court is the Government's Motion for an Order (1) Finding a Waiver of Attorney-

1

Client Privilege in § 2255 Proceeding and Permitting Prior Counsel to Discuss Issues Raised by § 2255 Petition.  (ECF No. 87).  Specifically, the government is asking the court for a ruling holding that Mr. Stavely had waived the attorney-client privilege between him and the four attorneys who represented him throughout his criminal proceedings.[1]  The Government asserts that it needs the waiver in order to respond to the allegations in Mr. Stavely's § 2255 Motion.  In response, Mr. Stavely objects to any waiver of attorney-client privilege related to issues beyond those specifically raised in his Motion, including any waiver of the privilege between him and attorneys about whom he did not bring any ineffective assistance of counsel claims.  (ECF No. 94.)

In considering a waiver of attorney-client privilege, "we start with the unarguable proposition that the attorney-client privilege is highly valued. Accordingly, courts should be cautious" in permitting such waivers.  *In re Keeper of Recs*, 348 F.3d 16, 23 (1st Cir. 2003).  At the same time, civil litigants should not be permitted to "us[e] the attorney-client privilege as both a sword and a shield," which would allow them to "selectively disclose fragments helpful to [their] cause, entomb other (unhelpful) fragments, and in that way kidnap the truth-seeking process." *Id.* at 24.  Courts have navigated these competing interests in different ways, either by finding that the privilege is automatically waived when a civil claim is made (the

---

[1] There were four attorneys who represented Mr. Stavely at various stages of the trial court proceedings.  His complaint alleges the ineffective assistance of only one, Jason Knight, who represented him when he entered his plea and at sentencing.

"automatic waiver rule") or by applying a balancing test to determine whether and to what extent the privilege is waived under the facts of a particular case.

In *Greater Newburyport Clamshell Alliance v. Public Service Co.*, 838 F.2d 13 (1st Cir. 1988), the First Circuit followed the latter, narrower approach.[2] In that case, plaintiffs filed a civil rights action under 42 U.S.C. § 1983 alleging that the defendants had conspired to infiltrate meetings at which plaintiffs and their lawyers discussed their defense to criminal charges stemming from a protest at a nuclear power plant. *Id.* at 16. The defendants subpoenaed the attorney who represented the plaintiffs in their criminal case, but he refused to provide information related to their trial preparation asserting the attorney-client privilege. *Id.* The district court found the attorney in contempt and ruled that the plaintiffs had automatically waived their privilege by instituting a civil suit. *Id.* On appeal, the First Circuit held that in such "quasi-constitutional" situations the automatic waiver rule "is too harsh. Without any consideration of the relative interests involved, it simply destroys a privilege even if the privilege would not shield evidence of any significance to the defense." *Id.* at 20. Instead, the First Circuit called for the use of a balancing test: "[t]he court should develop the parameters of its discovery order by carefully weighing the interests involved, balancing the importance of the privilege asserted against the defending party's need for the information to construct its most effective defense." *Id.*

---

[2] Other Circuits have similarly rejected the automatic waiver rule. *See, e.g., Sedco Int'l, S.A. v. Cory,* 683 F.2d 1201, 1206 (8th Cir.1982); *Mitchell v. Roma,* 265 F.2d 633, 637 (3d Cir.1959); *Zenith Radio Corp. v. United States,* 764 F.2d 1577 (Fed.Cir.1985); *Bittaker v. Woodford,* 331 F.3d 715, 720 (9th Cir.2003).

Here, the Government clearly has a reasonable interest in pursuing at least some limited discovery to respond to an ineffective assistance of counsel claim. However, unlike the civil damages action in *Newburyport*, a § 2255 proceeding is a further step in its petitioner's preceding criminal case. *In re CCA Recordings 2255 Litigation v. United States*, 337 F.R.D. 310, 324 (D. Kan. 2020) (noting that "while civil in some respects, a § 2255 proceeding is a continuation of a defendant's federal criminal case."); Rules Governing Section 2255 Proceedings for the United States District Courts (noting that "a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action."). This requires courts to proceed with particular care when deeming waived a § 2255 petitioner's attorney-client privilege.

In the present case, this cautious approach suggests two primary considerations.[3] First, a waiver of Mr. Stavely's attorney-client privilege must be narrowly limited to issues and communications directly relevant to a defense of the claims raised in the § 2255 motion, and waiver should extend only insofar as this information is related to the Government's purpose of mounting a defense to the ineffective assistance claims.[4] *Bittaker v. Woodford,* 331 F.3d 715, 720 (9th

---

[3] Ordinarily, the Court would also take steps to ensure that a petitioner understands that bringing an ineffective assistance claim may result in the Court's deeming the privilege waived. *See Oliver v. United States*, No. CR. 07-10016-MLW, 2010 WL 2612738, at *1 (D. Mass. June 25, 2010) (informing the petitioner and giving her an "opportunity to remove the ineffective assistance claim from her petition and thus preserve the privilege"); *accord*, *Bittaker*, 331 F.3d at 722. In this case, Mr. Stavely's Objection shows that he adequately comprehends the consequences of his ineffective assistance claims. (ECF No. 94.)

[4] Because each of Mr. Stavely's claims relate exclusively to his representation by Attorney Jason Knight, the Court is hard-pressed to discern how any of the attorneys who represented him at an earlier stage of his criminal proceedings could have communicated with him about Attorney Knight's later representation. At this point, based on the allegations in Mr. Stavely's complaint and the sequence of his representation, the Court

4

Cir.2003) (holding that a court must be careful to "impose a waiver no broader than needed to ensure the fairness of the proceedings before it.").

Second, a waiver must be limited to the instant proceedings, meaning that any information obtained solely through the waiver must be off limits in any future proceedings that may result from the success of Mr. Stavely's § 2255 motion. *U.S. v. Stone*, 824 F.Supp.2d 176, 188 (D. Me. Sept. 12, 2011) ("limiting implied waivers in habeas cases alleging ineffective assistance of counsel protects petitioners' Sixth Amendment rights to a fair trial should the petition prove successful resulting in a new trial or resentencing."); *accord*, *Bittaker*, 331 F.3d at 727.

Accordingly, the Court GRANTS the Government's Motion (ECF No. 87) in part and orders:

1. Attorney Jason Knight shall produce, to the Government, all documents in his possession that specifically relate to Mr. Stavely's four allegations of ineffective assistance of counsel. The Government shall prepare and maintain a log of the documents that it receives from defense counsel.

2. Attorney Knight is authorized to confer with counsel for the Government regarding his representation of Mr. Stavely, provided that the communications are limited to information that is specifically relevant to the four claims as alleged in his § 2255 Motion.

3. The Government shall not disclose or otherwise use the information obtained except as is necessary to respond to Mr. Stavely's ineffective assistance of counsel claims as alleged in his § 2255 Motion.

4. The Government shall provide a copy of this order to Attorney Knight.

---

finds no waiver with respect to communications with the other three attorneys named in the Government's Motion. The Government may, in response to this Order, file a more specific showing of necessity with respect to these attorneys.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

October 26, 2022