UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>) **Criminal No. 20-074-MSM**<br>v. )<br>)<br>**DAVID STAVELEY,** )<br>     Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR RECUSAL OF DISTRICT COURT JUDGE**

In his latest motion (ECF # 110), defendant David Staveley ("Staveley") moved that this Court recuse itself from this proceeding. As grounds, defendant cites a number of examples in which the Court ruled in ways in which he disagreed, including, *inter alia*, granting a motion to withdraw by prior counsel, denying a motion for court appointed counsel in connection with a collateral proceeding and denying of a motion to preserve communications between the Court and the Chief Justice for the District of Rhode Island. That the Court may have ruled in a manner that disappointed defendant does not suggest any sort of bias or impartiality on the Court's behalf. Defendant's motion for recusal of the Court should be denied.

The recusal of a district court judge is governed by 28 U.S.C. § 455(a), which provides that a judge "shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." *See Susan B. Hoekema, Questioning the Impartiality of Judges: Disqualifying Federal District Court Judges Under 28 U.S.C. § 455(a)*, 60 Temp. L.Q. 697, 708 (1987) ("Section 455(a) suggests that it requires disqualification for the appearance of bias.") As the First Circuit held in *In re Bulger*, 710 F.3d 42, 45 (1st Cir. 2013) (Souter, J.), the "point under § 455(a) is not his actual state of mind at a particular time, but the

existence of facts that would prompt a reasonable question in the mind of a well-informed person about the judge's capacity for impartiality." Importantly, "the disqualification decision must reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *In re Allied-Signal Inc.*, 89 F.2d 967, 970 (1st Cir. 1989); *see In re United States*, 158 F. 3d 26, 35 (1st Cir. 1998) ("A party cannot cast sinister aspersions, fail to provide a factual basis for those aspersions, and then claim that the judge must disqualify herself because the aspersions, *ex proprio vigore*, created a cloud on her impartiality.")

 Defendant does not, and cannot, provide any factual basis for impugning the Court's impartiality in this case. There are simply no facts from which a reasonable person could question the Court's impartiality. That the Court has ruled against the defendant on a number of motions he has filed does not in any way indicate any sort of bias on behalf of the Court.

 For the foregoing reasons, defendant's motion should be denied.

Respectfully submitted,

ZACHARY A. CUNHA
UNITED STATES ATTORNEY

_____
LEE H. VILKER
Assistant U.S. Attorney

2

## CERTIFICATE OF SERVICE

      I hereby certify that on this 16th day of November 2022, I caused the within Government's Opposition to be filed electronically and it is available for viewing and downloading from the ECF system. I also certify that this Opposition has been mailed to:

David Staveley
Reg. No. 04230-049
FMC Devens – Camp
P.O. Box 879
Ayer, MA 01432

                                            /s/ Lee H. Vilker
                                            LEE H. VILKER
                                            Assistant U. S. Attorney,
                                            U. S. Attorney's Office
                                            50 Kennedy Plaza, 8th Floor
                                            Providence, RI 02903
                                            401-709-5000, 401-709-5001 (fax)